UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Peggy L. Skeslien,

Plaintiff,

vs.

Mark Sand & Gravel Aquisition Company,

Defendant. Civ. No. 01-194 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

Ginger Wulfekuhle,

Plaintiff,

vs.

Mark Sand & Gravel Acquisition Company,

Defendant. Civ. No. 01-2027 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of January, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Motion, in both cases, to consolidate these proceed-

FILED JAN 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.______
DEPUTY CLERK______

ings, and upon the Defendant's Motion, in the Skeslien matter, for leave to amend its Answer so as to allege two additional affirmative defenses.[1] A Hearing on the Motions was conducted on January 8, 2002, at which time, the Plaintiffs appeared by Jon J. Cline, Esq., and the Defendant appeared by Thomas A. Jacobson, Esq. For reasons which follow, we grant both Motions.

## II. Discussion

Since they involve different legal, and factual considerations, we separately address the Defendant's two substantive Motions.

### A. The Defendant's Motion, in Skeslien, for Leave to Amend its Answer so as to Assert Two Affirmative Defenses.

Pursuant to Rules 15(a), and 16(b), Federal Rules of Civil Procedure, the Defendant seeks leave to amend its Answer so as to allege a defense, under the doctrine enunciated in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and in Burlington

[1]In addition, the Defendant moved to extend the Pretrial Schedule, in the Skeslien matter, so as to allow its nondispositive Motions to be heard, and to obtain a ninety-day extension in the date by which dispositive Motions can be filed, and heard. Currently, such Motions must be filed, and heard, by no later than January 31, 2002. At the time of the Hearing, we granted the Motion to extend the Pretrial Schedule as to nondispositive Motions and, in view of our determination, that these matters should be consolidated for Trial, we grant the Defendant's Motion to extend the Pretrial Schedule, in Skeslien, so as to defer the date, by which dispositive Motions may be heard, to coincide with the date we here will establish for both cases.

Industries v. Ellerth, 524 U.S. 742 (1998), and to allege that it had a legitimate business reason for its decisions which affected the employment of the Plaintiff Peggy L. Skeslien ("Skeslien"). Where, as here, a Motion to Amend a pleading arises after the deadline for such Motions, the moving party is obligated to show "good cause" for any delay in bringing its Motion. See, e.g., Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 581 (D. Minn. 1999); Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631-32 (D. Minn. 2000). For good cause, the Defendant urges that its proposed amendments are merely "technical" and do not alter the substance of its original Answer, while Skeslien contends that the Defendant has failed to show that, through the exercise of due diligence, it could not have met the deadline established under Rule 16. Archer Daniels Midland Co. v. Aon Risk Services, Inc., supra at 584. Accordingly, Skeslien argues that, since the noted affirmative defenses are not timely, they have been forfeited, or waived, under Rule 8(c), Federal Rules of Civil Procedure.[2]

---

[2]In pertinent part, Rule 8(c) provides as follows:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, re-

(continued...)

We agree with the Defendant, that the omission of the noted defenses, in its responsive Answer, was a mere technical oversight which can be cured, under Eighth Circuit authority, even if the request to do so is untimely under Rule 16(b). As explained by the

---

[2](...continued)

> lease, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *

The Defendant does not deny that the defenses, which it now proposes to assert, are "affirmative defenses," under Rule 8(c), which may be subject to forfeiture, if not timely asserted in a defendant's original Answer. See, Red Deer v. Cherokee County, Iowa, 183 F.R.D. 642, 653 n. 3 (N.D. Iowa 1999)(noting that Courts routinely refer to a "waiver" of an affirmative defense, under Rule 8(c), when a more precise description would involve the concept of "forfeiture," as a "waiver" connotes an intentional act, and the failure to plead an affirmative defense can frequently be unintentional). Given the Defendant's concession, that the proposed defenses are subject to the proscriptions of Rule 8(c), we need not undertake the exacting analysis, applied by the Court, in Sayre v. Musicland Group, Inc., 850 F.2d 350, 352-55 (8th Cir. 1988), so as to determine if the defenses, here at issue, are of a type governed by Rule 8(c).

We would note, however, that we have serious doubt that the second perambulatory burden of production -- that is, the existence of a legitimate business reason for the complained of employment action -- which is required by the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) framework, properly constitutes an "affirmative defense" within the contemplation of Rule 8(c). In Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 449 (1st Cir. 1995), quoting Jakobsen v. Mass. Port. Auth., 520 F.2d 810, 813 (1st Cir. 1975), the Court reasoned that, "whether a given defense falls within the Rule 8(c) 'residuary' clause is whether the defense 'shares the common characteristic of a bar to a right of recovery even if the general complaint were more or less admitted to.'" The second step of the McDonnell analysis is not a bar, but a mere controverting of a plaintiff's burden of production.

Supreme Court, in Blonder-Tongue Lab. v. Univ. of Illinois Foundation, 402 U.S. 313, 350 (1971), the purpose of the requirement, in Rule 8(c), to plead affirmative defenses in the responsive Answer, "is to give the opposing party notice of the plea [an affirmative defense] and a chance to argue, if he can, why the imposition of [that affirmative defense] would be inappropriate." Our Court of Appeals has, by practical application, adopted such a purpose for Rule 8(c), without expressly citing Blonder-Tongue.

In Financial Timing Publications, Inc. v. Compugraphic Corp., 893 F.2d 936, 945 n. 9 (8th Cir. 1990), quoting Allied Chemical Corp. v. Mackay, 695 F.2d 854, 855 (5th Cir. 1983), the Court explained that, "[w]hen an affirmative defense 'is raised in the trial court in a manner that does not result in unfair surprise, * * * technical failure to comply with Rule 8(c) is not fatal.'" See also, Sanders v. Department of the Army, 981 F.2d 990, 991 (8th Cir. 1992)("It was not necessary for the district court to require the meaningless formality of an amended answer because the government's motion to dismiss, which expressly raised the limitations issue, provided [the plaintiff] with sufficient notice".), citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797-98 (11th Cir. 1989); Stoebner v. Parry, Murray, Ward & Moxley, 91 F.3d 1091, 1093-94 (8th Cir. 1996)(denying forfeiture of affirmative defense, which was not raised in a responsive Answer, as the plaintiff "failed to show

that he lacked notice of the defense, or that [defendant's] delay prejudiced his ability to respond.").

Here, the Defendant asserts, and Skeslien does not dispute, that the two defenses, which the Defendant seeks to include within its Answer, were raised in the administrative proceedings which preceded the commencement of this action. While that assertion is not in the Record before us, independent of the Defendant's oral representation, we do note, as Skeslien acknowledges, that the two defenses were specifically addressed in the Defendant's "Statement of Facts and Defenses," which was filed with the Court several weeks before the issuance of our Rule 16 Pretrial Order. Given the adequate notice, which has been established here, that the Defendant disclosed its intent to rely on the defenses, which it now seeks to include in an Amended Answer, Skeslien cannot responsibly claim any prejudice in the Defendant's delay in now seeking to amend its Answer, and we find the proposed amendment to be no more than a technicality. See, e.g., Norwood v. City of Hammond, 2000 WL 235243 (E.D. La. Feb. 29, 2000)(denying Motion in limine to exclude Faragher defense, even though not contained in the defendants' operative Answer, the plaintiff had notice of the defense). Counsel for Skeslien conceded that, armed with the notice provided by the Defendant, he conducted discovery with respect to the proposed affirmative defenses, at least to the

extent he thought warranted. While we continue in the belief that, absent good cause, a Scheduling Order should not be altered, "we do not believe that mindless subservience to the dictates of a Scheduling Order should overshadow our fundamental obligation to achieve a just, speedy, and inexpensive determination of the underlying civil claim, particularly in the absence of any prejudice to the complaining party." Medical Graphics Corp. v. Hartford Fire Ins. Co., 171 F.R.D. 254, 264 (D. Minn. 1997).

In sum, finding the proposed amendments are purely technical, we grant the Defendant leave to amend its Answer so as to assert the two identified affirmative defenses.

B. The Defendant's Motion to Consolidate.

1. Standard of Review. "A Motion to Consolidate, pursuant to Rule 42(a), Federal Rules of Civil Procedure, is entrusted to the sound discretion of the Court, but that discretion is not unbounded." Chill v. Green Tree Financial Corp., 181 F.R.D. 398, 405 (D. Minn. 1998), citing Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994); see also, E.E.O.C. v. HBE Corp., 135 F.3d 543, 550 (8th Cir. 1998) ("[C]onsolidation should be upheld unless there has been a clear abuse of discretion."); Powell v. National Football League, 764 F.Supp. 1351, 1359 (D. Minn. 1991). As Rule 42(a) makes clear, a common issue of fact or law is a prerequisite

to consolidation. Enterprise Bank v. Saettele, supra at 236. In considering consolidation, the Court should thoughtfully weigh:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Cantrell v. GAF, 999 F.2d 1007, 1011 (6th Cir. 1993), quoting Hendrix v. Raybestos-Manhattan Inc., 776 F.2d 1492, 1495 (11th Cir. 1985); see also, Kramer v. Boeing Co., 134 F.R.D. 256, 258 (D. Minn. 1991).

Consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., supra at 551. "The party seeking consolidation bears the burden of showing that it would promote judicial convenience, and economy." Powell v. National Football League, supra at 1359.

2. Legal Analysis. In opposing consolidation, Skeslien does not suggest that there are not common issues of fact, and law -- commonalities which are plain from a reading of the respective Complaints. Each action is predicated on a hostile work environment, at the Defendant's place of business; during the same approximate period of time, and involving the same alleged perpetrators. While, as distinct from the other, one cause of action includes a claim of "constructive discharge," and the other al-

leges a "retaliatory discharge," a reading of the correlating allegations demonstrates that the distinction is more apparent, than real. The prime distinction, which separates these causes of action, rests in the fact that Skeslien commenced her action nine months before the Plaintiff, in Wulfekuhle, commenced hers. Both Plaintiffs, however, are represented by common legal counsel, and the same defense counsel appears in each proceeding.

Rather, notwithstanding the obvious commonalities between the two actions, the Plaintiffs urge that the cases should not be consolidated, since Skeslien will be "Ready for Trial" on February 28, 2002, or thirty days after the Court renders a decision on any then pending dispositive Motions, and Wulfekuhle has yet to be scheduled for an Initial Pretrial Conference. We recognize, and accept, that "consolidation is not justified when the cases are in different phases of pretrial procedures." Lyons v. Andersen, 123 F. Supp.2d 485, 487 (N.D. Iowa 2000), citing Schacht v. Javits, 53 F.R.D. 321 (S.D.N.Y. 1971). Nevertheless, the difference in the stages of pretrial preparation, in order to deter a consolidation, should be meaningfully disparate. Here, the Plaintiffs concede that many of the same witnesses will be called to testify as to the same or closely similar facts. The same company policies, and procedures, are at issue, and the same legal issues, dispositive or not, will be drawn to the Court for resolution. To be sure, the

specific complaints of one Plaintiff may be factually different from the other, but both Plaintiffs contend that the workplace of the Defendant is such a hostile environment as to have prompted their respective lawsuits. Indeed, it is likely that, even if not consolidated, each of the Plaintiffs will testify on the other's behalf.

As we related at the time of the Hearing, the preparation of the Wulfekuhle action for Trial is greatly accelerated by the pretrial preparation in Skeslien. The "paper discovery," which is contemplated by Rules 33, 34 and 36, Federal Rules of Civil Procedure, has, for the most part been completed and, as to the discovery allowed by Rule 30, we doubt that much need be done except to focus, with respect to each deponent, on the specific complaints of the Plaintiff in Wulfekuhle, for the generalized questioning, as to sexual harassment in the Defendant's work environment, has been explored, to the extent Skeslien thought warranted, in the Skeslien action. We are mindful that, in Wulfekuhle, the Plaintiff may be asserting the type of emotional distress, or other mental insult, which could place her medical condition in controversy, so as to afford the discovery allowed by Rule 35, Federal Rules of Civil Procedure -- a type of discovery that was not, apparently, warranted by the allegations of Skeslien's Complaint. See, O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 327 (D. Minn. 1997). We

suspect, however, that such discovery can be completed promptly with some measure of coordination between the parties.

While we acknowledge that some modest delay could occur in the Trial of Skeslien's case, while the Wulfekuhle matter is pretried, we have no reason to believe, on the Record presented, that the delay will be prejudicial. Rather, we are satisfied that two Courts, two Juries, and two legal proceedings -- inclusive of duplicated testimony, exhibits and Motions -- are required to accomplish the same result as one. The factors we have previously identified -- consistency in results, a markedly lessened burden upon witnesses, upon judicial resources, and upon the Court -- counsels a single Trial. We are also appreciative of the Plaintiffs' concern that a Jury will not be able to compartmentalize the claims of one Plaintiff as opposed to the other but, realistically, the concern is largely imaginary. Through Jury Instructions, and a properly drafted Special Verdict form, the Court, and counsel, can assure that no Jury confusion will arise, and this expectation is a sensible one, given the small number of Plaintiffs, and the closely paralleling factual and legal claims.

In sum, we find no prejudice to befall either party by consolidating these actions for Trial, whereas, requiring separate Trials will unduly burden the parties, the Court, the witnesses, and the Juries, and will generate needless added expense, incon-

venience and cost. Accordingly, we consolidate these actions for Trial, we direct the Clerk of Court to undertake such reassignment of these actions as is routine, and we direct counsel for the parties to "meet and confer" so as to propose, for this Court's review, a pretrial approach, in Wulfekuhle, which will expedite the joint Trial of these matters, and then to report to the Court, within twenty days after the date of this Order, the results of their conference, in order that a Pretrial Schedule in these cases can be promptly issued.[3]

NOW, THEREFORE, It is --

ORDERED:

1. That, in Civ. No. 01-194 (JMR/RLE), the Defendant's Motion to Amend Pretrial Schedule [Docket No. 15] is GRANTED.

---

[3]Given the consolidation we here direct, the Defendant's Motion Amend the Scheduling Order, so as to allow further time in which to serve and file any dispositive Motions, is also granted. While we understand that the Defendant deferred filing such a Motion in order to conserve time, effort, and money, if its Motion to Consolidate were granted -- thereby allowing a joinder of the any dispositive Motions in one briefing and Hearing, before one District Court Judge, we think the more prudent approach would have counseled the timely filing of any dispositive Motion, according to the currently applicable time constraints, but we find no absence of good cause for the extension the Defendant requests, particularly when the Motion to Extend preceded the expiration of the dispositive Motion deadline. To our mind, it would make no sense to require two District Court Judges to consider the same dispositive Motions, particularly where the legal issues raised would appear to be identical.

2. That, in Civ. No. 01-194 (JMR/RLE), the Defendant's Motion for Leave to Amend Answer [Docket No. 10] is GRANTED.

3. That the Defendant's Motion to Consolidate [Docket No. 13 in Civ. No. 01-194; and Docket No. 3 in Civ. No. 01-2027] is GRANTED.

4. That, consistent with the directives in this Order, counsel for the parties are to "meet and confer" and report to the Court within twenty days from the date of this Order.

5. That the Clerk of Court is directed to consolidate these proceedings in accordance with his standard procedures.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE